SELYA, Circuit Judge,
concurring.
This is a hard case. The record is plenitudinous and, by giving more weight to certain facts and less weight to gaps in the evidence, and drawing inferences accordingly, it is easy to paint a heart-wrenching picture of the petitioner’s plight. The dissenting opinion does a masterful job of painting just such a picture.
But there is a rub: reviewing courts, in immigration cases, do not have the luxury of choosing at will which facts to emphasize or which inferences to draw. These are functions for the agency, and the appropriate standard of review requires a high degree of deference to the agency’s choices.
In this case, the agency addressed the theories fairly raised, made permissible (albeit not inevitable) decisions about which facts controlled, drew reasonable inferences from those facts, and applied well-settled burdens of proof. Sitting as a trier of fact, I might not have found the same facts controlling and might have reached the conclusion that my dissenting brother proposes. Yet, that is irrelevant to the task at hand. The agency saw the matter differently: it emphasized the facts that it found controlling; squarely addressed and squarely rejected the petitioner’s arguments; and made a judgment which, however unsympathetic, fell within the universe of supportable outcomes. In other words, the agency did its job. The lead opinion recognizes this reality and, to my mind, is faithful to the dictates of the standard of review.
In the last analysis, “it is the duty of all courts of justice to take care, for the general good of the community, that hard cases do not make bad law.” Lopez de Hincapie v. Gonzales, 494 F.3d 213, 221 (1st Cir.2007) (quoting Lord Campbell in East India Co. v. Paul, 7 Moo. P.C.C. 111). Guided by that wise counsel, I join the lead opinion authored by Chief Judge Lynch and concur in the judgment of the court denying the petition for review.